# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1791 RWS |
| | ) | |
| BOB EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964.

On October 27, 2009, the Office of the Clerk received plaintiff's complaint and assigned it the instant case number. A plaintiff seeking leave to commence an action in forma pauperis must include a statement of the plaintiff's financial information (CJA Form 23). See Local Rule 2.05(A). Although plaintiff submitted a financial affidavit (CJA Form 23), she did not sign it. Rule 11 of the Federal Rules of Civil Procedure states that any unsigned pleading, written motion, or other paper "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

Furthermore, the Court notes that although plaintiff has submitted her Title VII action on one of this Court's standard "complaint" forms, she has not attached a copy of her administrative charge of discrimination and/or her right to sue letter. Because filing a charge of discrimination and obtaining a notice of right to sue from the EEOC is a prerequisite to maintaining a Title VII complaint, the Court will order plaintiff to either file copies of her charge of discrimination and right to sue or provide the Court with an explanation as to why she is not in possession of these administrative documents.[1] See, e.g., 42 U.S.C. § 2000e-5(f)(1) (in order to maintain a Title VII claim, an aggrieved employee is required to file suit within ninety (90) days after receipt of a notice of right to sue).

Lastly, the Court notes that the allegations contained in plaintiff's complaint fall short of the type of discriminatory conduct that needs to be alleged in an federal employment discrimination lawsuit. Although plaintiff makes generalized complaints about her employment with defendant Bob Evans, she has not enumerated acts which were allegedly done in violation of federal law and/or connected these acts to her classification in a statutorily protected group. As such, plaintiff will be given the opportunity to amend her complaint to fulfill these pleading requirements.

---

[1] Plaintiff indicated in her complaint that she has not yet received a notice of right to sue.

Plaintiff's failure to sign her affidavit, amend her complaint in accordance with this Court's instructions, and/or provide the Court with a copy of her charge of discrimination and right to sue letter will result in a dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall return the financial affidavit (CJA Form 23), with a copy of this order, to plaintiff for the purpose of obtaining plaintiff's original signature thereon.

**IT IS FURTHER ORDERED** that upon submission of a financial affidavit (CJA Form 23) bearing plaintiff's original signature, this action will be submitted to the Court for review pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a signed financial affidavit (CJA Form 23) within thirty (30) days from the date of this order, her financial affidavit will be stricken and her application to proceed in forma pauperis will be denied.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a copy of her charge of discrimination and right to sue. If plaintiff fails to submit a copy of her charge of

discrimination and right to sue letter within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint in accordance with this Court's instructions within thirty (30) days of the date of this Order. If plaintiff fails to properly amend her complaint in the designated time period, her action will be dismissed, without prejudice.

Dated this 30th day of October, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE